IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 07-cv-01547-WYD-MJW

LONNIE A. GASKEY,

    Applicant,

v.

STEVE HARTLEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant Lonnie A. Gaskey is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility at Limon, Colorado. Mr. Gaskey has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his Colorado state conviction. In an order filed on August 7, 2007, I directed Respondents to file an answer to the habeas corpus application. On August 22, 2007, Respondents filed their answer. On November 5, 2007, Mr. Gaskey filed a "Motion for Permission to File Traverse" and he tendered to the Court "Applicant's Traverse to Respondents' Answer." The "Motion for Permission to File Traverse" will be granted and the clerk of the Court will be directed to file "Applicant's Traverse to Respondents' Answer" that was tendered to the Court on November 5, 2007.

I must construe the application and other papers filed by Mr. Gaskey liberally

because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. After reviewing the entire file, I find that an evidentiary hearing is not necessary. For the reasons stated below, the habeas corpus application will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Gaskey was convicted in 2004 in Jefferson County District Court case number 04CR1722. Mr. Gaskey pled guilty to two counts of aggravated robbery, one count of second degree assault, and a crime of violence count. He was sentenced to a cumulative term of forty years in prison. Mr. Gaskey did not file a direct appeal. He did file a motion for sentence reconsideration that was denied by the trial court on August 30, 2005. Mr. Gaskey also filed in the trial court in December 2005 a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. The trial court denied the Rule 35(c) motion and on June 21, 2007, the Colorado Court of Appeals affirmed the denial of the Rule 35(c) motion. *See People v. Pruitt*, No. 06CA0140 (Colo. Ct. App. June 21, 2007) (not selected for publication). Mr. Gaskey opted not to seek certiorari review in the Colorado Supreme Court. The Court received the instant action for filing on July 12, 2007.

Mr. Gaskey claims in this action that his Sixth Amendment right to counsel was violated because his attorney was ineffective. He specifically contends that his guilty plea was involuntary because counsel promised Mr. Gaskey he would receive a sentence between fifteen and twenty years and substitute counsel, who represented

2

Mr. Gaskey on the day he entered his plea, threatened to withdraw if Mr. Gaskey did not enter a guilty plea. Mr. Gaskey also claims that counsel was ineffective by failing to have Mr. Gaskey undergo a psychological examination in order to ascertain the level of his mental impairment. Respondents concede that the instant action is timely filed. *See* 28 U.S.C. § 2244(d). Although Respondents argue that Mr. Gaskey has failed to exhaust state court remedies, I need not resolve the exhaustion issue because, for the reasons discussed below, I find that Mr. Gaskey's ineffective assistance of counsel claims lack merit. *See* 28 U.S.C. § 2254(b)(2).

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Mr. Gaskey seeks to apply a rule of law that was clearly established by the Supreme Court at the time his or her

3

conviction became final.  *See Williams v. Taylor*, 529 U.S. 362, 390 (2000) (Stevens, J., writing for the Court).  Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412 (O'Connor, J., writing for the Court).  If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  *See id.* at 404-05.

The "contrary to" clause allows a writ of habeas corpus to issue "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently that [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413.  The "unreasonable application" clause allows a writ of habeas corpus to issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  My inquiry pursuant to the "unreasonable application" clause is an objective inquiry.  *See id.* at 409-10.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather that application must also be unreasonable." *Id.* at 411.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2).  *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002).  Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct

4

and Mr. Gaskey bears the burden of rebutting the presumption by clear and convincing evidence.

I "owe deference to the state court's *result*, even if its reasoning is not expressly stated." ***Aycox v. Lytle***, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." ***Id.*** at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." ***Id.***

### III. MERITS OF THE CLAIMS

As noted above, Mr. Gaskey claims that he received ineffective assistance of counsel. It was clearly established when Mr. Gaskey was convicted that a defendant has a right to effective assistance of counsel. ***See Strickland v. Washington***, 466 U.S. 668 (1984). To establish that counsel was ineffective, Mr. Gaskey must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. ***See id***. at 687-88. "Judicial scrutiny of counsel's performance must be highly deferential." ***Id.*** at 689. There is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." ***Id***. It is the defendant's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances. ***See id.*** Under the prejudice prong, Mr.

5

Gaskey must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To show prejudice in the context of a guilty plea, Mr. Gaskey must demonstrate a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty but would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). If Mr. Gaskey fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claim must be dismissed. *See Strickland*, 466 U.S. at 697. Finally, ineffective assistance of counsel claims are mixed questions of law and fact. *See id.* at 698.

The Colorado Court of Appeals applied the proper standards from *Strickland* and rejected Mr. Gaskey's claims that counsel was ineffective. The state court specifically determined that Mr. Gaskey's claim that his guilty plea was involuntary because counsel misadvised him about the sentence he would receive and threatened to withdraw if he did not enter a guilty plea was refuted by the record. The state court reasoned as follows:

> If a Defendant receives advice, either from counsel or the providency court, that is different from the information contained in the written plea documents, he must request clarification from the court when given an opportunity to do so, rather than assert as the basis for postconviction relief that he was confused at the providency hearing.
>
> Here, the written petition to plead guilty informed defendant that (1) he could receive a sentence in the range of ten to thirty-two years on each of the three counts, (2) the court could order the sentences to be served consecutively, and (3) his plea must be voluntary and not the result of undue influence or coercion.

6

> At his providency hearing, defendant affirmed that he had read, understood, and signed the written petition to plead guilty. In addition, in response to the court's questioning, defendant affirmed that he (1) was entering his plea voluntarily, (2) had not been pressured to do so, (3) had not received any additional promises, and (4) fully understood the sentencing ranges he faced and the constitutional rights he was waiving upon entry of his plea.
>
> Moreover, defendant did not express confusion or question the court's advisement concerning the penalties he faced. Nor did he inform the court that counsel had advised him differently or that counsel had threatened to withdraw if he did not go forward with the plea. Because defendant had an affirmative obligation to request clarification from the court if his understanding of the plea agreement was different from the information contained in the written plea documents and the trial court's colloquy with him, his failure to do so prevents him from obtaining a hearing on his Crim. P. 35(c) claims.
>
> Because we have concluded that the record refutes defendant's claim that his plea was unknowing and involuntary, the court correctly denied his ineffective assistance of counsel claim on that basis.

*People v. Gaskey*, slip opinion at 3-4 (internal citations omitted).

I must presume, as the state court found, that Mr. Gaskey was advised in his written petition to plead guilty that he faced a sentence of up to thirty-two years on each of three counts and that the sentences could be imposed consecutively; that Mr. Gaskey affirmed he had read, understood, and signed the written petition to plead guilty; that Mr. Gaskey affirmed he was entering his plea voluntarily, he had not been pressured to enter a guilty plea, he had not received any additional promises, and he fully understood the sentencing ranges he faced; that Mr. Gaskey did not express any confusion or question the trial court's advisement of the penalties he faced; and that

7

Mr. Gaskey did not inform the trial court that counsel had advised him differently regarding his sentence or that counsel had threatened to withdraw if Mr. Gaskey did not plead guilty. Although the presumption that these factual findings are correct may be rebutted by clear and convincing evidence, *see* 28 U.S.C. § 2254(e)(1), Mr. Gaskey fails to present clear and convincing evidence to overcome the presumption.

Mr. Gaskey does allege that the state appellate court based its decision on an incomplete record because the appellate record did not include a transcript for October 26, 2004, the second day of the providency hearing. However, Mr. Gaskey does not allege that anything happened at the continued hearing on October 26, 2004, that contradicts the state court's factual findings discussed above. Furthermore, my review of the transcript of the October 26 hearing, a copy of which Respondents have submitted as Exhibit I to their answer, reveals that nothing in the transcript contradicts the state court's factual findings. If anything, the transcript of the October 26 hearing provides further support for the state court's findings that Mr. Gaskey plea was voluntary and that he never raised any objections about counsel's alleged misadvisement of the sentence he would receive or counsel's threat to withdraw.

"Solemn declarations in open court carry a strong presumption of verity." **Blackledge v. Allison**, 431 U.S. 63, 74 (1977). Therefore, based on the state court's factual determinations set forth above, I find that the state court's legal conclusion that counsel was not ineffective is not contrary to or an unreasonable application of clearly established federal law. **Blackledge** allows "summary disposition of habeas corpus petitions based on claims of unkept promises and misunderstanding when the court

8

record refutes the claim." **Lasiter v. Thomas**, 89 F.3d 699, 703 (10th Cir. 1996). In the instant action, the court record refutes Mr. Gaskey's claim.

Mr. Gaskey also claims that counsel was ineffective by failing to have Mr. Gaskey undergo a psychological examination in order to ascertain the level of his mental impairment. The state court rejected this claim for the following reason:

> Here, defendant did not support his assertions with any reasonable specificity, nor did he allege that he suffered any mental illness that affected his decision to plead guilty, or what type of mental defect a psychiatrist would have uncovered. The mere possibility that he might have been charged with a lesser offense or the court might have mitigated his sentence based on an unidentified mental defect, does not present an issue of fact requiring a hearing.
>
> Moreover, at his sentencing, defense counsel, defendant, and defendant's wife addressed the court, and argued that defendant's drug use was a mitigating factor that the court should consider in sentencing him. However, at no time did they assert that defendant's actions were the result of a possible mental defect.

**People v. Gaskey**, slip opinion at 5-6 (internal citations omitted).

Once again, Mr. Gaskey fails to present clear and convincing evidence to overcome the presumption of correctness that attaches to the state court's factual findings. Those findings include the facts that Mr. Gaskey failed to allege he suffered from a mental illness, he failed to allege what type of mental defect a psychological examination would have revealed, and he failed to raise his alleged mental defect as a mitigating factor when he addressed the court at sentencing. Even assuming that counsel was ineffective for failing to have Mr. Gaskey undergo a psychological examination in order to ascertain the level of his mental impairment, based on these

9

facts I find that Mr. Gaskey fails to demonstrate that he suffered an prejudice as a result of counsel's alleged ineffectiveness. Therefore, the state court's rejection of this claim also was not contrary to or an unreasonable application of clearly established federal law. Accordingly, it is

ORDERED that Applicant's "Motion for Permission to File Traverse" filed on November 5, 2007, is granted and the clerk of the Court is directed to file "Applicant's Traverse to Respondents' Answer" that was tendered to the Court on November 5, 2007. It is

FURTHER ORDERED that the habeas corpus application is **DENIED** and the action is **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated: February 13, 2008

                                               BY THE COURT:

                                               s/ Wiley Y. Daniel
                                               Wiley Y. Daniel
                                               U. S. District Judge